# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN HUTCHINS, JR.,

    Petitioner,

v.                                                                 Case No. 18-C-1796

BRIAN FOSTER,

    Respondent.

## SCREENING ORDER

On November 12, 2018, Petitioner Kevin Hutchins, Jr., who is currently serving a state sentence at Waupun Correctional Institution, filed two petitions pursuant to 28 U.S.C. § 2254, challenging separate state court convictions for which he is presently under sentences of confinement. In this petition, Hutchins challenges his July 2014 conviction in Milwaukee County Circuit Court on pleas of guilty for felony bail jumping, fleeing/eluding an officer, and second degree recklessly endangering safety, for which he received a sentence of fourteen years and six months.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hutchins' petition requests relief "due to the prosecutor lying in the criminal complaint about the victim's injuries, the victim lying about his injuries, ineffective assistance of counsel and judicial bias." ECF No. 1 at 13. These claims are vague and conclusory, and they fall far short of the heightened pleading requirements of habeas corpus petitions. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Hutchins attempts to clarify his claims in a motion to amend his petition, which he has since moved to withdraw. There, he lists several grounds for relief, including: (1) the state's breach of a plea agreement; (2) ineffective assistance of counsel for failure to inform Hutchins that he could withdraw his plea, to object to the breach of the plea agreement, to request a change of venue, and to investigate Deputy Griffin's injuries; (3) lack of opportunity to withdraw plea; and (4) ineffective assistance of appellate counsel. But even the amendment, which he now withdraws, fails to state facts sufficient to give rise to a claim cognizable under § 2254.

Accordingly, Hutchins will be given thirty days from the date of this order to file an amended petition setting forth the specific federal law or constitutional provision he claims was violated in the state court proceedings that resulted in his confinement, along with the specific allegations of fact that support his claim. In other words, it is not enough to simply accuse the prosecutor of breaching the plea agreement or one's attorney of ineffective assistance of counsel. A petitioner must explain what the prosecutor or attorney did that he believes violated his constitutional rights. Hutchins

should also be aware that a federal court can only grant relief on claims that the state courts have already had a full and fair opportunity to consider—claims as to which the petitioner has exhausted his state court remedies. A petition containing both exhausted and unexhausted claims must be either dismissed, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or under some circumstances stayed to allow exhaustion to occur. *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). Hutchins should keep these rules in mind as he prepares to amend his petition.

Hutchins' additional motions will be denied. Hutchins' motion for preliminary injunction that complains of prison conditions will be denied because constitutional challenges to prison conditions, as opposed to challenges to the legality or duration of confinement, are properly brought under 28 U.S.C. § 1983, not § 2254. *McCarthy v. Bronson*, 500 U.S. 136, 140–42 (1991); *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005). Hutchins' motion to subpoena records, which he has since moved to dismiss, will also be denied. A habeas petitioner "is not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), although a district court may allow a petitioner to conduct discovery for good cause under Rule 6(a). Rule 6(a), Rules Governing § 2254 Cases. Hutchins lacks good cause to conduct discovery because his factual allegations are vague and conclusory and he fails to state how the records he requests would demonstrate a constitutional violation. *See Higgason v. Lemmon*, 6 F. App'x 433, 436 (7th Cir. 2001).

**IT IS THEREFORE ORDERED** that Hutchins' motions to amend petition (ECF No. 7), to subpoena records (ECF No. 8), and for preliminary injunction (ECF No. 9) are **DENIED**.

**IT IS FURTHER ORDERED** that Hutchins' motions to withdraw amended petition (ECF No. 10) and to dismiss subpoena requests (ECF No. 11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Hutchins' petition for writ of habeas corpus (ECF No. 1) is **STRICKEN**. Hutchins is directed to file an amended petition within thirty (30) days of the date of this order that sets forth the specific grounds upon which he seeks relief, together with specific allegations of the facts supporting those grounds. Failure to timely file an amended petition will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Hutchins' filings will be electronically scanned and entered on the docket upon receipt by the clerk, he need not mail to counsel for the respondent copies of documents sent to the court.

Dated this   17th   day of December, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court