# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN HUTCHINS, JR.,

        Petitioner,

v.                                                  Case No. 18-C-1796

BRIAN FOSTER,

        Respondent.

## ORDER DISMISSING CASE

On November 12, 2018, Petitioner Kevin Hutchins, Jr., who is currently incarcerated at Waupun Correctional Institution, filed two petitions pursuant to 28 U.S.C. § 2254, challenging two separate state court convictions for which he is currently under sentences of confinement. The petition in this case challenges his July 2014 conviction in Milwaukee County Circuit Court, Case No. 2013CF4975, on pleas of guilty to second degree recklessly endangering safety in violation of Wisconsin Statute § 941.30(2), fleeing/eluding an officer in violation of § 346.04(3), and operating under the influence causing injury in violation of § 346.63(2)(a)1. *See* Dkt. No. 1 at 2; Case No. 2013CF4975, available at https://wcca.wicourts.gov. Four other charges were read in but dismissed. Hutchins was sentenced to nine and one-half years initial confinement and five years extended supervision.

The court screened Hutchins' petition on December 17, 2018, and determined that Hutchins failed to state facts sufficient to give rise to a claim cognizable under § 2254. The court struck Hutchins' petition and allowed him thirty days to file an amended petition. Hutchins was subsequently granted three extensions to file an amended petition. The second extension order

warned Hutchins that failure to timely file an amended petition would result in dismissal of the case, and the third extension order warned Hutchins that no further extensions would be allowed. Hutchins nevertheless filed a fourth motion for extension of time on April 16, 2019, stating that a jailhouse lawyer who is assisting in the preparation of an amended petition has Hutchins' "entire file." Dkt. No. 19. To date, Hutchins has not filed an amended petition.

Hutchins' petition seeks relief "due to the prosecutor lying in the criminal complaint about the victim's injuries, the victim lying about his injuries, ineffective assistance of counsel and judicial bias." Dkt. No. 1 at 13. In a motion to amend his petition, which he later moved to withdraw and the court denied as moot in its screening order, Hutchins sought to add the following grounds for relief: (1) breach of plea agreement; (2) ineffective assistance of counsel for failure to inform Hutchins he could withdraw his guilty plea, failure to object to the prosecutor's breach of the plea agreement, failure to request a change of venue, and failure to investigate Deputy Griffin's injuries; (3) lack of an opportunity to withdraw his plea due to a conspiracy to falsify evidence; and (4) ineffective assistance of appellate counsel for failure to investigate Griffin's injuries, prosecutorial misconduct, the defective criminal complaint, lack of jurisdiction, and breach of the plea agreement. *See* Dkt. No. 7. As stated in the court's screening order, these claims are vague and conclusory, and they fall far short of the heightened pleading requirements of habeas corpus petitions. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

The court informed Hutchins that he needed to amend his petition to set forth the specific federal laws or constitutional provisions he claims were violated in the state court proceedings that resulted in his confinement, along with the specific allegations of fact supporting each claim. The court also advised Hutchins that each claim must have been exhausted in the state courts. Given

Hutchins' failure to correct the deficiencies in his petition noted at screening, his continued delay, and the court's past warnings, his fourth motion for extension of time (Dkt. No. 19) is **DENIED** and this case is **DISMISSED without prejudice**.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  16th  day of May, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court